## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, D.C. 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530-0001,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and has its principal place of business at 425 Third Street SW, Suite 800, Washington, D.C. 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 31, 2013, *Foreign Policy* magazine published an article describing a DOJ report that included details on Drug Enforcement Administration ("DEA") agents' involvement with prostitution in Cartagena, Colombia.

6. In light of this article, Plaintiff sent a FOIA request to DEA, a component of DOJ, seeking records of investigations of DEA agents involved with prostitution in Colombia.

7. Specifically, on January 3, 2014, Plaintiff sent a FOIA request to DEA by certified mail seeking access to the following records:

> Any and all records of investigations of DEA Agents involved with prostitution in Colombia, including, but not limited to, engaging with transvestite prostitutes and seeking massages.

8. DEA acknowledged receipt of Plaintiff's FOIA request by letter dated January 24, 2014 and assigned the request case number 14-00180-F.

9. DEA denied Plaintiff's FOIA request by letter dated June 2, 2014, citing FOIA and Privacy Act Exemptions (b)(5), (b)(6), (b)(7)(A), (b)(7)(C) and (K)(2) as authority.

10. DEA's denial letter, signed by Katherine L. Myrick, Chief, Freedom of Information/Privacy Act Unit, FOI/Records Management Section, included an attachment with

the statutory language of the asserted exemptions, but provided no further explanation about the denial of Plaintiff's request. The denial letter also advised Plaintiff that Plaintiff could administratively appeal the denial to DOJ's Director of the Office of Information Policy ("OIP") and provided an address where any appeal should be sent.

11. On June 17, 2014, Plaintiff sent a timely administrative appeal to the Director of OIP at the address indicated on the denial letter.

12. By letter dated August 1, 2014, OIP affirmed, on partly modified grounds, DEA's denial of Plaintiff's request. The August 1, 2014 letter stated, "DEA properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A)."

13. Because OIP affirmed DEA's denial of Plaintiff's request, Plaintiff has exhausted all administrative remedies with respect to the request.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

16. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 28, 2014

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*